IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARISE BULLER,

    Plaintiff,

    v.

PPG INDUSTRIES, INC.,

    Defendant.

13cv0229
**ELECTRONICALLY FILED**

### MEMORANDUM ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 31) AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. NO. 35)

### I. Introduction

On February 12, 2013, Plaintiff, Charise Buller ("Plaintiff") filed suit against her former employer, PPG Industries, Inc. ("PPG" or "Defendant"). Plaintiff, in her Amended Complaint, alleges that she was terminated from her employment in violation of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA"). Doc. No. 19. This Court's jurisdiction is based upon federal question subject matter. Id. Presently before this Court are two Motions for Summary Judgment: (1) Defendant's Motion for Summary Judgment which moves this Court to enter judgment for Defendant on both of Plaintiff's claims; and (2) Plaintiff's Motion for Partial Summary Judgment in which Plaintiff moves this Court to enter Judgment in her favor on Defendant's Fourth defense. Doc. Nos. 31 and 35. After briefing from both parties and submission of a Joint Concise Statement of Material Facts, these Motions are ripe for disposition.

## II. Statement of Material Facts

Plaintiff was employed by PPG, beginning in October 1989, when she was hired as an Administrative Assistant in the Corporate Environment, Health and Safety Department. Doc. No. 45, ¶D2. In January 2001, Plaintiff moved to the same position within the Executive Compensation Department of Human Resources. Id. at ¶D3. Plaintiff's duties included data entry, preparing agendas for executive meetings, and other secretarial duties. Id. at ¶D4. Plaintiff always had positive job performance reviews. Id. at ¶P6.

In 2008, Plaintiff was diagnosed with breast cancer which required her to undergo a mastectomy and chemotherapy radiation treatments. Id. at ¶D8. Plaintiff underwent chemotherapy treatment from December 2008 through April 2009. Id. at ¶D9. Plaintiff took off eight weeks of work for her treatment. Id. at ¶D12. She was paid during her leave. Id. Plaintiff's cancer returned in early 2010. Id. at ¶D10. During Plaintiff's treatment, PPG accommodated every request to balance her work with treatment. Id. at ¶D11.

In late 2008, a Voluntary Severance Plan ("VSP") was available to PPG employees. Id. at ¶D17. In early 2009, Plaintiff's supervisor, Mary Lewis suggested to Craig Jordan, Director of Employee and Labor Relations and Compensation, that Plaintiff's position could be eliminated. Id. at ¶¶D18-19. Plaintiff's position was not eliminated because of other factors, including a co-worker's decision to take the VSP. Id. at ¶D22. By 2009, Plaintiff's duties were becoming increasingly automated. Id. at ¶D23. Plaintiff became "concerned for [her] job relevance within the department" and approached Ms. Lewis to request additional responsibilities. Id. at ¶D25. Plaintiff continued to seek out additional tasks after Frank Remcheck became her supervisor. Id. at ¶D26. Mr. Remcheck was aware that PPG had considered eliminating Plaintiff in 2009. Id. at ¶D28.

In the summer of 2010, Plaintiff's direct supervisor, Mr. Remcheck, met with Mr. Jordan and Bud Wise about Plaintiff's job and determined that she would be terminated. Id. at ¶¶D29-31. This decision was reviewed by PPG's Director of Human Resources. Id. at ¶D31. On July 8, 2010, Mr. Remcheck met with PPG's Corporate Manager of Employee Relations and discussed Plaintiff's position. Id. at ¶¶D34-36. On July 13, 2010, Plaintiff was informed that her position would be eliminated. Id. at ¶¶D37-38. Plaintiff was informed that the decision was unrelated to her job performance and was strictly a business decision. Id. at ¶D39.

Ms. Apostolou suggested that Plaintiff apply for a position as a call service representative in the benefits department and requested that the application period be reopened so that Plaintiff could apply. Id. at ¶D44. Plaintiff was interviewed by Floyd Painter and Patty Mattesi for the position in late July 2010. Id. at ¶D53. On August 2, 2010, Ms. Mattesi sent an email to Mr. Painter (which was later forwarded to Mr. Remcheck and Ms. Apostolou) which set forth that she did not believe Plaintiff should be offered a position because she could not multi-task well enough for the position and lacked any benefits or call center experience. Id. at ¶D63.

Thereafter, Ms. Apostolou, Mr. Garber, and Mr. Remcheck met with Ms. Mattesi to suggest that Plaintiff be given the position on a trial or probationary basis. Id. at ¶¶D65-66. It was ultimately determined, by Ms. Mattesi, Mr. Painter, and Tom Welsh, that Plaintiff would not be offered the position. Id. at ¶¶D67, D69. The position was offered to an outside candidate. Id. Plaintiff's last day of employment with PPG was August 31, 2010. Id. at ¶D42. Plaintiff was 57 years old at the time. Id. at ¶P4.

On June 15, 2011, Plaintiff was offered an "HR Direct Specialist" position in the HR Shared Services Center. Id. at ¶D78. Plaintiff rejected the offer. Id. On June 21, 2011, Plaintiff

applied for Social Security Disability benefits. Id. at ¶D80. Plaintiff's application was based upon a disabling condition that began "on January 1, 2011." Id.

### III. Standard of Review

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial. *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion School Dist.*, --- F.3d --- (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – i.e., depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed.R.Civ.P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v.*

4

*Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed.R.Civ.P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007).

## IV. Discussion

### A. *Defendant's Motion for Summary Judgment (Doc. No. 31)*

For the purposes of its Motion for Summary Judgment, Defendant concedes that Plaintiff can establish a *prima facie* case for both her age and disability discrimination claims. Doc. No. 33, 4. However, Defendant contends that Plaintiff cannot demonstrate that Defendant's articulated reason for her termination, lack of work, is mere pretext for the alleged discrimination. Id. Defendant contends that "there is absolutely no evidence from which one could conclude that Defendant's explanation is implausible" and "from which a factfinder could reasonably either (i) disbelieve the employer's articulated legitimate reasons; or (ii) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause

5

of the employer's action." Id. *quoting Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108-09 (3d Cir. 1998); *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). The Court disagrees.

Both parties have presented evidence that could support a reasonable jury verdict in their favor. When viewed in light most favorable to her, as the non-moving party, Plaintiff has presented evidence that: her employers were aware of her cancer diagnosis; she did have sufficient work within her department; she was recommended for termination after her cancer diagnosis; her cancer was discussed when she was terminated; other individuals were not terminated during PPG's alleged reduction in force; her job duties were transferred to younger workers who were not disabled; she was not hired for the HR Shared Services Center Representative position; policies to only consider internal candidates until all were rejected were not followed; and call center supervisors may have become aware of her cancer diagnosis. Defendant challenges much of this evidence and Plaintiff's inferences as "unclear" "false" and "misconstrue[d]." Doc. No. 52, 2-3. Dispute over these facts, which are material to whether Plaintiff can demonstrate that Defendant's alleged reason for termination is pretextual, is further grounds for denial of Defendant's Motion for Summary Judgment.

The Court will not undertake credibility determinations or weigh evidence because such actions are improper under the applicable standard of review. Defendant's arguments why summary judgment should be entered in its favor are more appropriately presented to a jury. Therefore, Defendant's Motion for Summary Judgment (Doc. No. 31) will be **DENIED**.

### B. *Plaintiff's Motion for Partial Summary Judgment (Doc. No. 35)*

Defendant's Fourth Defense in its Answer reads as follows:

> On information and belief, [D]efendant avers that [P]laintiff has applied for and is receiving Social Security Disability Income payments, so that she is estopped to allege that she continues to be otherwise qualified for employment with [D]efendant.

Plaintiff moves this Court to enter summary judgment in her favor on this defense because she contends that there is no evidence to support that she made false statements when applying for Social Security Disability Income ("SSD") so as to judicially estop her claims for back-pay and front-pay during the relevant time period. Doc. No. 36, 1. Defendant clarifies that the purpose of the defense is to eliminate claims for back-pay and front-pay damages from January 1, 2011, because of Plaintiff's statement "I became unable to work because of my disabling condition on January 1, 2011."

Such statements, although relevant to any damages award, do not bar Plaintiff's claims for back-pay and front-pay. "Disability" in the context of Social Security Benefits applications is distinct from "disability" in employment discrimination claims. A "disabled" person may qualify for Social Security Benefits but be able to work with a reasonable accommodation. The Court finds that judicial estoppel does not apply because Plaintiff has not necessarily taken inconsistent positions. Therefore, Plaintiff's Motion for Partial Summary Judgment will be **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claims for back-pay and front-pay, including those from January 1, 2011, on, will be presented to the jury.

To the extent that Plaintiff's Motion is akin to a Motion in Limine to prevent Defendant from presenting evidence and arguing that Plaintiff's claim for back-pay and front-pay damages, from January 1, 2011, forward is inconsistent with her filing for SSD, said Motion will be **DENIED**. Plaintiff's SSD application and Plaintiff's statements may be relevant to a jury's

determination of back-pay and front-pay awards, if any.  Therefore, Defendant may introduce evidence of the SSD application and Plaintiff's statements to bolster its position and Plaintiff may rebut the same.

In sum, Plaintiff's application for SSD, and statements made in connection with the application, do not bar claims for back-pay and front-pay, and are relevant to the jury's determination of any damages award.

## V. Conclusion/Order

For the foregoing reasons, the following Order is entered:

AND NOW, this 3rd day of December, 2013, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion for Summary Judgment (Doc. No. 31) is **DENIED**;

2. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 35) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's claims for back-pay and front-pay including those from January 1, 2011, forward will be presented to the jury.  Defendant may introduce evidence of Plaintiff's SSD application and statements in support thereof at trial; and

3. The case will proceed to trial by jury on February 3, 2014, as set forth in the Pretrial Order (Doc. No. 17).

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:     All Registered ECF Counsel and Parties