IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARISE BULLER,
    Plaintiff,

    v.

PPG INDUSTRIES, INC.,
    Defendant.

13cv0229
**ELECTRONICALLY FILED**

### MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO RECONSIDER ORDER ON VOIR DIRE (DOC. NO. 113)

Presently before this Court is Defendant's Motion to Reconsider Order on Voir Dire. Doc. No. 113. Defendant moves this Court to reconsider its removal of the following question from the Draft Voir Dire: "Have you, or any member of your immediate family, had cancer?" Doc. No. 102, 6. The Court removed this question based upon Plaintiff's Objection and edited a previously existing question as follows to accommodate both parties' positions: "Is there anything about the parties involved in this case and the nature of the case, including Plaintiff's breast cancer, that would keep you from being a fair and impartial juror?" Doc. No. 109, 7.

Defendant now moves this Court to reconsider its removal of the original question. Doc. No. 113. Defendant's Motion to Reconsider will be DENIED.

As Defendant notes, the voir dire process is designed to enable the selection of an impartial jury. It is a process that this Court personally presides over and greatly respects. The original question would reveal which of the jurors have been personally affected by cancer. An affirmative answer alone would not be grounds for a challenge for cause because it is not necessarily true that someone personally affected by cancer would necessarily favor Plaintiff. Presumably, follow-up questions at sidebar could elicit further information that would lead to information relevant to whether the potential juror could be fair and impartial in the case.

The Court's edited question remedies any potential prejudice to either party. After having been sworn, potential jurors will be individually questioned by the Court as to whether

they will be able to be impartial in this case, which they will have been informed involves alleged discrimination based upon age and disability.  The new question specifically inquires whether the potential juror can be fair and impartial because of the nature of the case and Plaintiff's breast cancer.  This question allows for counsel for both sides to view the potential juror, hear his/her response, judge his/her credibility and, if necessary, ask follow-up questions at sidebar.

The entire voir dire process in this case is sufficient to allow for the selection of an impartial jury of Plaintiff's peers because it allows counsel for both parties to move to strike for cause any potential juror based upon alleged lack of impartiality due to answers to the Court's probing questions designed to reveal hidden prejudices.  The Court agrees with Defendant that it is "absolutely entitled to know whether [cancer] might affect the impartiality with which the jurors views the evidence and the parties."  Doc. No. 113, 3.  The Court's questioning of the potential jurors, both as a collective pool and as individuals, provides Defendant with the information they ultimately seek, whether an individual will be able to sit as an impartial judge of the facts presented to them as applied to the law as the Court instructs.  Further, all jurors who are seated will be instructed that they are not to let bias, sympathy, or prejudice affect their verdict.  Doc. No. 106, 8.

Therefore, this 30th day of December, 2013, IT IS HEREBY ORDERED THAT Defendant's Motion to Reconsider Order on Voir Dire (Doc. No. 113) is **DENIED**.  Voir Dire will proceed based upon previously filed Voir Dire.  Doc. No. 109.

    s/ Arthur J. Schwab
    Arthur J. Schwab
    United States District Judge

cc:    All Registered ECF Counsel and Parties