IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARISE BULLER,

        Plaintiff,                        13cv0229
                                      **ELECTRONICALLY FILED**

                v.

PPG INDUSTRIES, INC.,

        Defendant.

**ORDER OF COURT RE: PLAINTIFF'S RENEWED MOTION IN LIMINE TO
EXCLUDE TESTIMONY, EVIDENCE, AND ARGUMENT BY OR RELATING TO
MARY LEE JORDAN (DOC. NO. 120)**

Presently before this Court is Plaintiff's Renewed Motion in Limine to Exclude

Testimony, Evidence, and Argument by or Relating to Mary Lee Jordan.  Doc. No. 120.

Plaintiff's first Motion related to Mary Lee Jordan was a Motion for Sanction in which Plaintiff

sought to bar Mrs. Jordan's testimony under Federal Rule of Civil Procedure 37(c) and Federal

Rule of Evidence 403.  Doc. No. 78.  The Court denied Plaintiff's Motion because Plaintiff had

sufficient time to prepare for Mrs. Jordan's testimony and would have the opportunity to fully

cross-examine her if she testified.  Doc. No. 101.  The Court also denied Plaintiff's request for

sanctions.

Following Mrs. Jordan's deposition, Plaintiff again moves this Court to exclude Mrs.

Jordan's testimony.  Doc. No. 120.  Plaintiff contends that Mrs. Jordan's testimony is irrelevant

to her discrimination claims and that such testimony would create mini-trials of collateral issues,

confuse the jury, and be unfairly prejudicial.  Id.  This Court agrees.

Plaintiff has the burden to prove her discrimination claims by a preponderance of the

evidence.  These claims and any potential damages are the only issues that will be presented to

the jury. The Court has previously held that Plaintiff may testify as to any evidence that she was discriminated against but may not "testify generally as to Defendant's corporate culture" or "pattern and practice" of alleged discrimination. Doc. No. 101, ¶ 3. Similarly, any argument that Plaintiff was not discriminated against by Defendant because Defendant employed employees who, like Plaintiff, had were over 40 years old medical illnesses may not be presented.

As Plaintiff has set forth, there are various factors (including job roles, supervisors, medical conditions etc.) that may differentiate her from Mrs. Jordan. See Doc. No. 120, 1-3. It is clear from the Parties' briefs that presenting Mrs. Jordan's testimony would require numerous irrelevant determinations to be made (ex., were Plaintiff and Mrs. Jordan comparatively ill? Who knew about their conditions? Were their roles similar? Does one or the other have more specialized training? etc.) Plaintiff's contention is that she was discriminated against by Defendant based on her age and/or disability, not that all employees or any other employee were subject to similar discrimination. Plaintiff is not required to prove that other employees were discriminated against to succeed on her claims; and conversely, Defendant does not disprove Plaintiff's claims by arguing that there were other employees who were over 40 or who were disabled who were not subject to adverse employment actions.

Discrimination can occur against one individual and not against another similar employee within the same company. The lack of discrimination against the second employee does not disprove or relate to the alleged discrimination against the first employee. Therefore, Defendant's argument that Plaintiff was not discriminated against because another older/disabled employee was not subject to adverse employment action is not relevant to the ultimate issues in this case, may confuse the jury, and may be unduly prejudicial to Plaintiff.

AND NOW, this 27th day of January, 2014, IT IS HEREBY ORDERED THAT

Plaintiff's Renewed Motion in Limine to Exclude Testimony, Evidence, and Argument by or

Relating to Mary Lee Jordan (Doc. No. 120) is **GRANTED**.


<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge


cc:      All Registered ECF Counsel and Parties